**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.W. and D.W.**

**No. 21-0950** (Marshall County 21-JA-18 and 21-JA-19)

**MEMORANDUM DECISION**

Petitioner Mother H.W., by counsel Roger D. Curry, appeals the Circuit Court of Marshall County's October 25, 2021, order terminating her parental rights to M.W. and D.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, David C. White, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in the following two respects: "it is contrary to reality and experience to require an addicted parent to quickly cure an addiction"; and in terminating her parental rights to D.W., given the child's attachment to petitioner.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]In her brief on appeal, petitioner alleges that the court erred in terminating her parental rights to "the older child" because of their bond. Petitioner then indicates that M.W. is the older of the two children. This does not, however, comport with the record in this case, which clearly demonstrates that D.W. is the older of the two children.

1

It is unnecessary to undertake a detailed recitation of the facts underlying this appeal because petitioner does not dispute any of the key aspects of the case. Indeed, because petitioner makes only sweeping policy arguments regarding the timeframes for abuse and neglect proceedings and their impact on drug-addicted parents, it is sufficient instead to set forth the following: The DHHR filed the initial petition in April of 2021 after petitioner tested positive for amphetamine, Subutex, and THC upon M.W.'s birth. The child was born prematurely and had to be transferred to Ruby Memorial Hospital because of trouble breathing. M.W. also tested positive for Subutex, Suboxone, amphetamine, and methamphetamine. Although petitioner claimed to have a prescription for Subutex, the DHHR alleged that she failed to provide proof of the same. The DHHR alleged that petitioner failed to provide the children with food, shelter, or adequate housing.

Following the petition's filing, petitioner appeared for the preliminary hearing by telephone and later appeared for an adjudicatory prehearing conference. These hearings represent petitioner's only participation in the matter. Further, the record shows that petitioner had no contact with the DHHR, despite the Department's attempts to provide her with remedial services, and she never exercised visitation with the children.

In August of 2021, the court adjudicated petitioner of neglecting the children upon evidence of her substance abuse. In September of 2021, petitioner's counsel filed a document entitled "Submission of Evidence" in which he sought to introduce two pages of email correspondence with petitioner in which she stated that "she is in drug treatment and isolated for covid [sic] and has no other means to communicate."

Thereafter, petitioner filed a motion for an improvement period wherein she indicated that "[a]s a result of an arrest in August 2021, she entered active treatment." According to the record, petitioner was arrested for "possession, fleeing, reckless driving, [and] any number of minor traffic offenses." The motion asserted that petitioner attended residential rehabilitation and was released into outpatient treatment. Petitioner also asserted that she obtained employment for the first time in two years.

In October of 2021, the court held a dispositional hearing, during which the DHHR presented evidence of petitioner's total noncompliance with the proceedings. According to a DHHR employee, the Department sought termination of petitioner's parental rights because she "basically abandoned [her] children" and made no effort to correct the issues that necessitated the petition's filing. Based on the evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the children required continuity in care and caretakers, in addition to the fact that integrating the children into stable and permanent homes would take a significant amount of time. As such, the court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.[4]

---

[3]Following the dispositional hearing, petitioner filed a motion to reconsider the termination of her parental rights. However, as this Court has repeatedly expressed, "there is no

(continued . . . )

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Upon our review, we find that petitioner is entitled to no relief. Importantly, petitioner unequivocally admits that the DHHR "presented evidence that the parents did not contact the DHHR nor exercise visitation during the pendency of the case." In fact, petitioner cites to no evidence admitted during the proceedings that would in any way indicate that the circuit court erred. Instead, petitioner argues that she could not quickly cure her addiction. Without belaboring petitioner's specific arguments, we note that the record demonstrates that petitioner failed to even attempt to address her substance abuse. The circuit court did not hold petitioner to a

---

provision for a motion to reconsider in the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, Chapter 49 of the West Virginia Code, or the applicable West Virginia Rules of Civil Procedure." *In re B.M.*, No. 19-1044, 2020 WL 3469725, at *5 (W. Va. June 25, 2020)(memorandum decision). In support of this motion, petitioner attached unverified letters purportedly from two different treatment facilities asserting that she had undergone substance abuse treatment. Additionally, one of these letters indicated that petitioner had been a patient since February of 2020, meaning that, if accurate, petitioner was participating in this substance abuse treatment program at the time she tested positive for multiple drugs upon M.W.'s birth. The court appropriately denied this motion under Rule 46 of the Rules of Procedure for Child Abuse and Neglect Proceedings, given that only a parent whose rights have *not* previously been terminated may move to modify disposition. Regardless, nothing petitioner submitted in support of this motion is relevant to the court's final dispositional order on appeal, and, accordingly, cannot entitle her to relief.

[4]The father's parental rights were also terminated. The permanency plan for the children is adoption in the current foster home.

standard that she deems unreasonable, i.e., a total curing of her addiction. Instead, the record shows that the circuit court terminated her parental rights because she failed to take the meager steps of even attending most of the hearings in this matter or remaining in contact with the DHHR. Simply put, the circuit court terminated petitioner's parental rights because she effectively abandoned her children and the proceedings prior to adjudication.

As set forth above, the evidence overwhelmingly supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future because she had done nothing in the six months that the case had been pending. Further, it must be stressed that petitioner submitted no evidence prior to disposition that she took any steps to address the issues for which she was adjudicated, other than what she purported to be e-mails from her in which she claimed, without corroboration, that she was participating in substance abuse treatment. By totally abdicating any responsibility in the proceedings, petitioner left the circuit court with no choice but to terminate her parental rights. As we have explained,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Finally, we find no merit to petitioner's argument that the circuit court erred in terminating her parental rights to D.W. Without citing any evidence, petitioner asserts that this was error because of the child's attachment to her. There is simply nothing in the record to demonstrate such a significant attachment between petitioner and D.W. that termination of petitioner's parental rights was not warranted. In the absence of any evidence to support petitioner's claim, she cannot be entitled to relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 25, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment